# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:08CR43

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| BLAKE LORCHER. ) | |
| _____ ) | |

**THIS MATTER** is before the court upon defendant's Motion to Reopen Detention Hearing (#26) as well as the Supplemental Motion to Reopen Detention Hearing (#28). This matter was submitted to the court for consideration of the motion on the briefs and without a hearing. Having considered defendant's Motion to Reopen Detention Hearing and reviewed the pleadings, the court enters the following findings, conclusions, and Order.

## FINDINGS AND CONCLUSIONS

**I.    Defendant's Motion to Reopen**

Defendant is charged with Conspiracy to Distribute Methamphetamine, in violation of 18, United States Code, Sections 841 and 846. On May 19, 2008, the court after hearing ordered defendant detained. Defendant now moves to reopen under Section 3142(f)(2), which provides that a detention hearing "may be reopened, before or after a determination by the judicial officer, at any time before trial is the

judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).

Since the May 19 hearing, defendant contends that two matters have become known to him that would warrant reopening the hearing: (1) he has been accepted into the New Life Lodge inpatient residential drug treatment center; and (2) several persons have written letters attesting that, in their opinion, that defendant will appear at trial and will not pose a danger to other persons or the community. In the supplemental motion, defendant further states that he will enroll in the Eagle Point Ministries long term treatment program. The court has read and considered all such submissions.

**II.     Discussion**

After the May 19 hearing, at which all parties were present and presented evidence and arguments, this court found that defendant had not rebutted the presumption that no condition or combination of conditions would reasonably assure the safety of any person(s) in the community and that no condition or combination of conditions would reasonably assure the appearance of the defendant. See Order of Detention Pending Trial. In such written Order, the undersigned found that defendant

would pose a danger to himself and the community if released based upon his conduct prior to arrest. Further, the undersigned determined that defendant posed a risk of flight in that he has no significant ties to the Western District of North Carolina. Addendum to Detention Order, ¶ (g)(4).

The first category of evidence submitted in support of the motion to repoen the hearing consists of the securing of an inpatient treatment center, which would provide 28 days of counseling in an unsecured location. Review of the transcript of the hearing and the court's own recollection indicates that while the finding of a facility may be new, the possibility of treatment is not new evidence. At the May 19 hearing, defendant's father testified that he planned to place the defendant in an outpatient treatment program. The undersigned carefully considered such plan and denied the defendant's release for the reasons set forth in the Order of Detention. Further, to the extent this could be new evidence, the 28 day inpatient treatment program proposed is not located in a secured facility. There simply is no way for anyone to prevent defendant from simply walking away from the facility, which the court notes is a real concern in cases of simple addiction and is compounded by the fact herein that, if convicted, defendant faces a substantial period of incarceration. The second category of new evidence consists of Eagle Point Ministries, which appears to be an outpatient program. Such a program simply does not support release inasmuch as there is no

way to compel defendant's participation in that program and, as an outpatient program, defendant could be well on his way and across borders long before his absence was noted.

Finally, the court has considered the opinion letters of family and friends concerning defendant's likelihood of fleeing or endangering the community. Such letters cannot be given full credit inasmuch as the evidence presented to this court in the previous hearing is that defendant made it his profession to supply dangerous, addictive, and life ruining drugs to an entire community within this district. Further, even after he was confronted by law enforcement, defendant appears to have continued endangering the community through drug sales. Topping it all off, the government has shown that defendant has a disregard for law enforcement, at least since January 2007. When defendant was given opportunities to leave his life of crime and to engage in conduct that would benefit society and be in fact beneficial to his legal interests, he wholly and utterly disregarded such opportunity. While that is certainly a choice that a person can make, the rub came where he actually endangered the lives of law enforcement officers by not being truthful with them, as previously found. Further, plaintiff has not been truthful with his own parents. Based on such, the undersigned has no reason to believe that defendant would cooperate or be truthful with pretrial services officers if he was released.

While this court has no doubt that the letters from friends of defendant are sincere, it does not appear that such friends knew or were informed of the extent of defendant's alleged criminal activity, his deception of law enforcement officials (who were attempting to afford defendant an opportunity to help himself), his almost immediate return to the drug business, or his deception of his own parents. While generosity, keeping a tidy yard, and helping out neighbors are all admirable traits, they simply do not outweigh the evidence presented that defendant was harming the community by dealing drugs even after being caught, deceiving law enforcement officers, and lying to his parents, which outweigh the factors cited in the letters in determining that whether one is a danger to the community. Put another way, defendant has shown through his own acts that despite the consequences, he is willing to return to a life a crime even when he knows he has been caught, and he is willing to lie to a variety of public servants and deceive even his own parents to continue with such a life.

Defendant has not rebutted the presumption and the evidence presented does not warrant a new hearing.

# ORDER

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Reopen Detention Hearing (#26) as well as the Supplemental Motion to Reopen Detention Hearing (#28) are **DENIED.**

Signed: June 19, 2008

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge